UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORT DEARBORN LIFE
INSURANCE COMPANY,

    Plaintiff,

v

EDWARD JARRETT *et al.,*

    Defendants.
    _____/

Case No. 1:10-cv-77

HON. JANET T. NEFF

## OPINION

This Court issued an order in this interpleader action for plaintiff to show cause why venue is proper in this Court (Dkt 5). Having given careful consideration to plaintiff's response (Dkt 7), the Court agrees that venue is proper in this Court, but the Court hereby gives the parties notice and an opportunity to be heard on why this matter should not be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

### I. BACKGROUND

Plaintiff, an Illinois corporation with its principal place of business in Illinois, filed this interpleader action under 28 U.S.C. § 1335, seeking a declaratory judgment as to which claimant is entitled to the proceeds of a group life insurance policy (Compl. ¶¶ 1, 7-8). There are three adverse claimants, defendants Edward Jarrett, Melissa Echols, and Forethought Capital Funding, Inc. Jarrett and Echols are residents of Flint, County of Genesee, Michigan (*id.* ¶¶ 2-3). Genesee County is within the Eastern District of Michigan, specifically, the Southern Division. *See* 28

U.S.C. § 102(a)(1). Forethought is a Delaware corporation with its principal place of business in Indiana (Compl. ¶ 4).

Defendant Jarrett, who answered the Complaint after this Court issued its show cause order, merely left plaintiff to its proofs regarding its allegation of proper venue (Dkt 6, Answer at ¶ 6). Counsel for defendant Melissa Echols has filed an appearance but not yet answered the complaint. On May 10, 2010, this Court entered a default against defendant Forethought Capital Funding, Inc., and plaintiff is to submit pleadings necessary to obtain a default judgment against this defendant by May 31, 2010 (Dkt 19).

## II. DISCUSSION

**A.** *Venue, Generally*

The federal interpleader statute consists of three separate provisions pertaining to (1) subject matter jurisdiction, 28 U.S.C. § 1335; (2) venue, 28 U.S.C. § 1397; and (3) service of process, 28 U.S.C. § 2361. *First Trust Corp. v. Bryant,* 410 F.3d 842, 856 (6th Cir. 2005). "[A]n interpleader action brought pursuant to § 1335 enjoys liberal procedural rules including relaxed venue, personal jurisdiction and service of process requirements." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.,* 200 F. Supp. 2d 689, 694 (E.D. Ky. 2002). Jurisdiction is proper where the value of the money or property at issue is "$500 or more" and "two or more adverse claimants, of diverse citizenship ... are claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335. Venue is proper "in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. Service of process is authorized nationwide. 28 U.S.C. § 2361.

As claimants-defendants Jarrett and Echols are not residents of the Western District of Michigan, the venue determination in this case turns on the residency of the third claimant,

defendant Forethought. The default entered against Forethought does not affect this determination as venue is assessed at the time an action is filed.[1]

The interpleader-venue provision, § 1397, does not define "reside," and there are no instructive cases from the Sixth Circuit Court of Appeals. However, as plaintiff points out, the leading treatise on federal procedure favors application of the broad definition of "residence" from the general venue statute, 28 U.S.C. § 1391. *See* 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1712 (3d ed. 2010) ("Because nothing in section 1397 indicates that it is to be read more restrictively than section 1391 [the general venue statute], and because the interpleader statute is remedial in nature, the broad definition of residence in section 1391 should be applicable under section 1397.") (citing *Pure Oil Co. v. Suarez,* 384 U.S. 202, 204-05 (1996); *Moseley v. Sunshine Biscuits, Inc.,* 110 F. Supp. 157 (D.C. Cir. 1952)).

In pertinent part, § 1391 provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). According to the commentary accompanying the statute, "[t]his means that anything that would make the corporation amenable to jurisdiction in that district, or permit extraterritorial service of the court's summons under any of several well-known tests, would ipso facto make that district a proper venue as well."

Here, the interpleader-service provision, § 2361, enables personal jurisdiction to be obtained over a corporate defendant no matter where service is made. Hence, as the treatise authors observe, "[i]f the interpleader-venue provision, which refers to a claimant's residence, is interpreted

---

[1] The time-of-filing rule similarly applies to any diversity question raised by the default of Forethought. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 571 (2004).

3

consistent with that language, rather than relying on past decisions linking corporate residence to doing business, it will mean that there effectively is nationwide venue in any statutory-interpleader action having a corporate claimant because nationwide jurisdiction is authorized in Section 2361 of Title 28 for interpleader suits." WRIGHT & MILLER, *supra*. *Cf. Guy v. Citizens Fidelity Bank & Trust Co.,* 429 F.2d 828, 831-32 (6th Cir. 1970) (agreeing that had the stakeholder brought an action for interpleader under § 1335, the court have issued nationwide process under § 2361).

Consequently, in this action, although Forethought is a Delaware corporation with its principal place of business in Indiana, it is still a "resident" of the Western District of Michigan for venue purposes under § 1397 because it is subject to personal jurisdiction in this district under § 2361. The Court therefore agrees with plaintiff that, at the time this suit was filed, venue in this Court was proper.

**B.**     ***Transfer of Venue***

Having determined that venue is proper in this judicial district, the Court turns to examining the propriety of nonetheless transferring the action under 28 U.S.C. § 1404(a) to the Eastern District of Michigan, a district where the suit originally could have been brought. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). *See also Ex Parte Collett,* 337 U.S. 55, 58-59 (1949) (holding that § 1404(a), by its own terms, applies to "any civil action").

In deciding whether to transfer an action under § 1404(a), a district court should consider the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which

4

come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

Given that plaintiff-stakeholder is not a citizen of Michigan and that the remaining claimants-defendants in this action are both residents of the Eastern District of Michigan, the convenience of the parties and witnesses, and the interest of justice, appear to strongly favor transfer. However, because the Court has raised the issue of transferring venue *sua sponte,* the Court is without the benefit of the parties' views. Accordingly, the Order on this issue will afford the parties an opportunity to state their reasons, if any, for believing that this forum is most convenient or that the proposed alternative forum is inconvenient or not within the ambit of § 1404(a). Absent timely objection, this Court will exercise its discretion to transfer this action to the United States District Court for the Eastern District of Michigan.

### III. CONCLUSION

Although plaintiff properly laid venue in this Court at the time of filing, this judicial district does not appear to be the most convenient forum. Accordingly, the parties are advised that, absent timely objection, the action will be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

An Order will be entered consistent with this Opinion.


Date: May 20, 2010  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge